UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L. RUTHER,

    Plaintiff,

v.                                                  Case No. 1:17-CV-441

VSP N AMERICA LLC,                HON. GORDON J. QUIST

    Defendant.
_____/

## **OPINION**

Plaintiff, L. Ruther, proceeding pro se, has filed a one-page, unsigned, hand-written complaint against VSP N America LLC. Ruther attached a one-page, unsigned letter from VSP North America LLC to Protex Offroad and LED Lights stating, in part: "I am pleased to inform you that we have attained Al Ruther to process invoice number 2297." (ECF No. 1-1 at PageID.4.) Ruther's allegations in his complaint are not clear. In fact, they are incoherent. From what the Court can discern, Ruther alleges that VSP N America LLC owes Ruther some amount of money, may have breached a contract, committed fraud and/or stole money from Ruther. Ruther's last paragraph states: "I order crime trial Stach, VSP steal $18,000, services, fraud I, other similar contractors." (ECF No. 1.)

On May 18, 2017, the magistrate judge issued an order granting Ruther leave to proceed *in forma pauperis*. (ECF No. 5.) Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to *in forma pauperis* proceedings"). The Court must read

Ruther's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992).

First, Ruther fails to sufficiently allege that this Court has jurisdiction over his claim or claims. Ruther cites no federal statutes, so there is no basis to conclude that Ruther invokes this Court's federal question jurisdiction 28 U.S.C. § 1331. In addition, Ruther fails to establish diversity jurisdiction under 28 U.S.C. § 1332(a). "Diversity jurisdiction requires two elements: complete diversity of the parties and an amount in controversy exceeding $75,000." *Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016) (citing § 1332). Even reading Ruther's complaint liberally, Ruther has not alleged that the amount in controversy exceeds $75,000. Moreover, Ruther has not established diversity of citizenship. We know from the complaint that Ruther lives in Virginia and, is likely a Virginia citizenship. Ruther fails to establish that VSP N America, LLC is diverse—in other words, is not a citizen of Virginia. Although VSP N America LLC is located in Grand Rapids, Michigan, a limited liability company such as VSP N America LLC has the citizenship of its members. *Delay v. Rosenthal Collins Grp.*, 585 F.3d 1003, 1005 (6th Cir. 2009). Ruther fails to allege not only the members of VSP N America LLC, but also the citizenship of its members.

Even if the Court had jurisdiction over Ruther's complaint, it would still be subject to dismissal under § 1915(e)(2) for failure to state a claim.

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Ruther fails to allege a set of coherent facts giving rise to a claim. He mentions fraud and "steal[ing]," but fails to put forth sufficient allegations that would enable the Court to conclude that VSP N America LLC did something wrong. "Although pro se pleadings are to be liberally construed, courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

An Order consistent with this Opinion will be entered.

Dated: June 6, 2017
                                        /s/ Gordon J. Quist
                                        GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE